kaw

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| APRIL NASH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 07-4065-JAR-JPO |
| ) | |
| CORRECT CARE SOLUTIONS, LLC ) | |
| AND KANSAS DEPARTMENT OF ) | |
| CORRECTIONS, ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM AND ORDER GRANTING PLAINTIFF'S MOTION TO AMEND AND DENYING PLAINTIFF'S MOTION TO REMAND

The court now considers plaintiff's Motion to Amend (Doc. 8) and Motion to Remand (Doc. 9). Plaintiff commenced this action in the District Court of Shawnee County, Kansas, and defendant Correct Care Solutions ("CCS") removed it to federal court claiming federal question jurisdiction. After removal, defendant Kansas Department of Corrections ("KDC") filed an Amended Answer asserting Eleventh Amendment immunity (Doc. 5). Plaintiff now moves for leave to amend her Complaint so as to withdraw the federal question claim in hopes of getting the action remanded. CCS, however, contends that plaintiff seeks to amend her complaint to manipulate the jurisdiction of this Court. For the reasons stated below, plaintiff's motion to amend is granted and plaintiffs motion to remand is denied.

## I.     Background

On April 19, 2007, plaintiff instituted this action in the District Court of Shawnee County, Kansas. Plaintiff claims that defendants CCS and KDC negligently caused the death of her decedent Ronald Nash, an inmate incarcerated at the El Dorado Correctional Facility in El

Dorado, Kansas. Ronald Nash was a Type II diabetic. His condition required the administration of insulin and blood testing regularly.

In late October 2005, Ronald Nash went into diabetic coma, necessitating intubation. Plaintiff alleges that employees of defendant CCS did not permit Ronald Nash to access his insulin and testing devices required to manage his blood level. Plaintiff further contends that defendant CCS's employees were inadequately prepared for a diabetic inmate, that the employees were inadequately trained, that the employees did not give Ronald Nash any sugar to counteract his blood level, and that CCS's employees negligently intubated Ronald Nash, resulting in his death.

The crux of plaintiff's Petition and the reason why it was removed to federal court is because plaintiff alleged that defendants' actions amounted to "deprivation of [Ronald Nash's] constitutional privileges" and stated that "[t]his action is brought under section 1983 of the United States Code." The Petition also asserts that the "defendants engaged in retaliation against the plaintiff for having asserted his rights in violation of the United States Code Section 1983."

On May 25, 2007, CCS removed this action pursuant to 28 U.S.C. § 1441(b), which provides that "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable." Now plaintiff seeks to have her Petition amended to withdraw the federal claim and have the case remanded.

## II. Motion to Amend[1]

---

[1] It should be noted that plaintiff has attached a proposed Amended Complaint (Doc. 8, Exhibit 1). In that proposed Amended Complaint, plaintiff still maintains a claim under 42 U.S.C. § 1983. The Complaint reads: "Further, defendants engaged in retaliation against the plaintiffs for having asserted his rights in violation of the United States Code Section 1983."(Doc. 8, Exhibit 1, ¶12).

Federal Rule of Civil Procedure 15(a) provides that "[a] party may amend [his] pleading once as a matter of course . . . before a responsive pleading is served. . . . Otherwise a party may amend [his] pleading only by leave of court or by written consent of the adverse party." A court will generally deny leave to amend a complaint only on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.[2] Leave to amend is within the sound discretion of the Court and Rule 15(a) instructs that "leave [should] be freely given when justice so requires." Plaintiff in this case has forgone the opportunity to amend as a matter of course because defendants have filed responsive pleading (Doc. 2). Therefore, plaintiff may only amend by leave of the court.

Applying the factors above, this Court sees no reason why plaintiff should not be granted leave to amend. First, there is no showing that granting leave to amend would cause undue delay. Plaintiff initiated the action on April 19, 2007, the case was removed on May 25, and the plaintiff sought to amend her Petition just twelve days later on June 6. Second, CCS will not suffer any undue prejudice if plaintiff is granted leave to amend. The case is still in the early stages. The parties have not filed summary judgment motions, taken discovery, nor has the case been placed on the trial calendar.[3] Third, there is no showing that plaintiff is acting in bad faith or with dilatory motive. CCS claims that plaintiff is only seeking to amend to escape the jurisdiction of this Court. Simply amending a complaint so that it can be remanded, however, is not bad faith without some showing that plaintiff intended to put defendants through the

---

[2]*Duncan v. Manager, Dept. of Safety, City & County of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).

[3]*See Shilling v. Northwestern Mut. Life Ins. Co.*, 423 F. Supp. 2d 513, 519 (D. Md. 2006).

removal-remand procedures.[4] Moreover, plaintiffs are entitled to allege claims and then dismiss those that plaintiff finds no longer tenable. Finally, there has not been a failure by plaintiff to cure defects in prior complaints nor is the amendment futile if the case may then be remanded.[5] For these reasons the Court will grant plaintiff's motion to amend.

**III.    Motion to Remand**

Title 28 of the United States Code Sections 1331 provides district courts with "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Section 1441(b) provides for removal of any claim "which the district courts have original jurisdiction." Plaintiff's proposed Amended Complaint, as explained in footnote one, still states a claim under 42 U.S.C. § 1983. Therefore, this Court still retains original jurisdiction and plaintiff's Motion to Remand (Doc. 9) is denied.

This Court, however, will grant plaintiff seven days to file an Amended Complaint withdrawing her federal claim and a renewed Motion to Remand. After which, defendants have seven days to respond with a supplemental Response in Opposition.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Motion to Amend (Doc. 8) is **GRANTED**.

**IT IS FURTHER ORDERED THAT** plaintiff's Motion to Remand (Doc. 9) is **DENIED** without prejudice as set forth above.

**IT IS SO ORDERED.**

---

[4] *Id.* (citing *Moyles v. Johnson Controls, Inc.*, 2005 WL 1561519 at*2 (E.D. Cal. June 29, 2005)).

[5] *Shilling*, 423 F. Supp. 2d. at 519.

Dated this 12th day of September 2007.

 S/ Julie A. Robinson
Julie A. Robinson
United States District Judge

Memorandum and Order Granting Plaintiff's Motion to Amend and Remand, *Nash v. Correct Care Solutions, LLC & Kansas Dept. Of Corrections*, Case No. 07-4065.