kaw

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| APRIL NASH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| CORRECT CARE SOLUTIONS, LLC, ) | Case No. 07-4065-JAR |
| AND KANSAS DEPARTMENT OF ) | |
| CORRECTIONS, ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM AND ORDER DENYING
## PLAINTIFF'S MOTION TO REMAND

The Court now considers plaintiff's Motion to Remand (Doc. 20). For the reasons set forth below, the Motion is denied.

The facts of this case were recited in the Court's previous Memorandum and Order (Doc. 15). On June 6, 2007, plaintiff filed a Motion to Amend (Doc. 8) and a Motion to Remand (Doc. 9). On June 20, 2007, defendant Correct Care Solutions ("CCS") filed a Response to plaintiff's Motion to Amend (Doc. 11) and a Response to plaintiff's Motion to Remand (Doc. 12). This Court ruled on the motions on September 12, 2007 (Doc. 15), and granted the plaintiff seven days to re-file her motion to amend and eliminate the federal claims. On September 21, 2007, plaintiff filed her Second Amended Petition (Doc. 19) and a Motion to Remand (Doc. 20). Both defendants Kansas Department of Corrections ("KDC") and Correct Care Solutions ("CCS") filed an Answer to Plaintiff's Second Amended Petition (Docs. 21, 22) on October 8, 2007.

28 U.S.C. § 1331 grants the district courts original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." In its previous Memorandum and Order the Court denied plaintiff's Motion to Remand (Doc. 9) because

plaintiff asserted a claim against CCS for retaliation under section 1983 and a claim against the KDC for violation of decedent's constitutional privileges. In plaintiff's Second Amended Petition (Doc. 19), plaintiff still maintains those same claims against the KDC. Because those claims stem from the Constitution and laws of the United States, this Court still retains original jurisdiction. Therefore, plaintiff's Motion to Remand (Doc. 20) is denied.[1]

**IT IS THEREFORE ORDERED B Y THE COURT THAT** plaintiff's Motion to Remand (Doc. 20) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 16th day of October 2007.

S/ Julie A. Robinson

Julie A. Robinson
United States District Judge

[1]In plaintiff's Motion to Remand (Doc. 20), she explains that all constitutional claims against CCS are removed, hoping that would be enough to rid this Court of jurisdiction. However, plaintiff still asserts a claim for "deprivation of constitutional privileges" and "retaliation . . . in violation of [§ 1983]" against KDC. This is enough to grant this Court jurisdiction, regardless of KDC's anticipated Eleventh Amendment immunity defense. Under the well-pleaded complaint rule, federal jurisdiction exists when the complaint raises issues of federal law. *Nicodemus v. Union Pac. Corp.*, 440 F.3d 1227, 1232 (10th Cir. 2006).