kaw

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| APRIL NASH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| CORRECT CARE SOLUTIONS, LLC, ) | Case No. 07-4065-JAR |
| AND KANSAS DEPARTMENT OF ) | |
| CORRECTIONS, ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM AND ORDER DENYING PLAINTIFF'S MOTION
TO RECONSIDER ORDER DENYING MOTION TO REMAND (DOC. 23)**

The Court now considers plaintiff April Nash's Motion to Reconsider Order Denying Motion to Remand (Doc.23). For the reasons explained below, plaintiff's motion is denied.

Plaintiff seeks to reconsider the order of this Court denying her motion to remand. Under D. Kan. R. 7.3(b), a motion for reconsideration of a non-dispositive order must be based on "(1) an intervening change in law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice."[1] Presumably, plaintiff's ground for reconsideration is prong number three, the need to correct clear error or prevent manifest injustice.

As addressed in the previous orders denying plaintiff's request to remand, district courts have jurisdiction over all claims arising under federal law. When determining whether a district court has jurisdiction, the well-pleaded complaint rule is considered.[2] Under that rule, if the plaintiff's complaint on its face maintains an action arising under federal law, the district courts

---

[1] D. Kan. R. 7.3(b).

[2] *Nicodemus v. Union Pac. Corp.*, 440 F.3d 1227, 1232 (10th Cir. 2006).

have jurisdiction.[3] This rule makes the plaintiff the master of his complaint; therefore, the plaintiff may avoid federal jurisdiction by reliance on state claims alone.[4] Additionally, just as a defense based on federal law does not grant jurisdiction, a defense asserted in an answer to a complaint which would, if valid, deprive the district court of jurisdiction, does not do so until it is determined to be valid.[5] Furthermore, the federal question on the face of the complaint must be one which is contested, substantial, and indicates a "serious federal interest in claiming the advantages thought to be inherent in a federal forum."[6]

Plaintiff's complaint continues to maintain a claim under federal law. Defendant's anticipated defense is no bar to this Court's jurisdiction where the Court has not determined whether that defense is valid and applicable.[7] "Under the well-pleaded complaint rule, 'arising under' jurisdiction 'must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation or avoidance of defenses which it is thought the defendant may interpose.'"[8] Thus, again, defendant's anticipated defense is not relevant in determining "arising under" jurisdiction. Therefore, this Court still has federal question jurisdiction and accordingly, plaintiff's motion to reconsider is denied.

---

[3] *Id.*

[4] *Id.*

[5] *Id.*

[6] *Id.*

[7] Unless Kansas Department of Corrections is dismissed based on its Eleventh Amendment Immunity, merely asserting an affirmative defense in an answer does not rid the court of jurisdiction. Even if defendant is successful in its defense, the Court may opt to exercise supplemental jurisdiction over any remaining state law claims. 28 U.S.C. § 1367.

[8] *Air Measurement Tech., Inc. v. Akin Gump Strauss Hauer & Feld, L.L.P.*, — F.3d —, No. 2007-1035, 2007 WL 2983660, at *3 (Fed. Cir. Oct. 15, 2007) (quoting *Christianson v. Colt Indust. Operatong Corp.*, 486 U.S. 800, 809 (1988)).

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Motion to Reconsider (Doc. 26) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 24th day of October 2007.

  S/ Julie A. Robinson

**Julie A. Robinson**
**United States District Judge**