kaw

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| APRIL NASH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 07-4065-JAR |
| | ) |
| CORRECT CARE SOLUTIONS, LLC | ) |
| AND KANSAS DEPARTMENT OF | ) |
| CORRECTIONS, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

The Court now considers plaintiff's Third Motion to Amend (Doc. 29), plaintiff's Motion to Remand (Doc. 30), and defendant Correct Care Solution's Partial motion to Dismiss (Doc.31). For the reasons set forth below, plaintiff's motion to amend and plaintiff's motion to remand are granted. Accordingly, defendant's partial motion to dismiss is moot.

**Background**

On April 19, 2007, plaintiff instituted this action in the District Court of Shawnee County, Kansas. Plaintiff claims that defendant Correct Care Solutions ("CCS") and Kansas Department of Corrections ("KDC") negligently caused the death of Ronald Nash, an inmate incarcerated in El Dorado, Kansas. Ronald Nash was a Type II diabetic. His condition required the administration of insulin and blood testing regularly.

In late October 2005, Ronald Nash went into diabetic coma, necessitating intubation. Plaintiff alleges that employees of defendant CCS did not permit Ronald Nash to access his insulin and testing devices required to manage his blood level. Plaintiff further contends that

defendant CCS's employees were inadequately prepared for a diabetic inmate, that the employees were inadequately trained, that the employees did not give Ronald Nash any sugar to counteract his blood level, and that CCS's employees negligently intubated Ronald Nash resulting in his death.

On May 25, 2007, CCS removed the action to federal court pursuant to 28 U.S.C. § 1441(b), which provides that "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable."  Soon after, plaintiff filed a motion to amend (Doc. 8) and a motion to remand (Doc. 9).  The Court, in its Order (Doc. 15), granted plaintiff's motion to amend, but denied plaintiff's motion to remand because plaintiff's complaint stated a claim arising under federal law.  On September 9, 2007, plaintiff filed a second motion to amend (Doc. 16, 19), and a second motion to remand (Doc. 20).  Again the Court denied plaintiff's motion to remand because plaintiff's proposed complaint still maintained a claim under federal law (Doc. 23).  On October 22, 2007, plaintiff filed a Motion for Reconsideration (Doc. 26) of the Order denying plaintiff's motion to remand.  The Court denied the motion to reconsider (Doc. 28) because plaintiff failed to realize that this Court has exclusive jurisdiction over claims arising under federal law, even if there is an anticipated defense that would insulate the defendants.  Plaintiff then filed the motions at issue here.

**Plaintiff's Third Motion to Amend**

Generally, leave to amend is "freely given."[1]  Typically, a party is granted leave to amend unless there is "a showing of undue delay, undue prejudice to the opposing party, bad faith or

---

[1] *Duncan v. Manager, Dept. of Safety, City and County of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005) (citing Fed. R. Civ. P. 15(a)).

dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[2]  Here, defendant does not contend that granting plaintiff's motion to amend would be prejudicial.  Defendant merely states that this Court should decide whether the Kansas Consumer Protection Act claim, one of purely state law, should be dismissed.  Defendant does not contend or even suggest that plaintiff is acting in bad faith or that, the obvious argument, that plaintiff has already been granted opportunities to amend her complaint and failed to do so.  But, even if defendant contended that plaintiff failed to cure the deficiencies in her complaint previously, the Court is still inclined to grant the motion to amend as the parties have yet to file summary judgment motions or to even begin discovery.  Moreover, as amended, plaintiff's complaint has no claims arising under federal law, thus this Court would be deciding issues of state law.  For these reasons, plaintiff's motion to amend is granted.

**Plaintiff's Motion to Remand**

In *Carnegie-Mellon University v. Cohill*,[3] the United States Supreme Court addressed whether a district court had the discretion to remand a case after the federal claims were removed.  The court concluded it could.[4]  The Court reiterated that a district court should weigh considerations of "economy, convenience, fairness, and comity," when deciding whether to remand an amended complaint.[5]  After *Carnegie-Mellon*, Congress codified the essential effect of the Court's ruling in 28 U.S.C. § 1367(c)(3).  That section provides that "[t]he district courts may decline supplemental jurisdiction over a claim . . . if the district court has dismissed all

---

[2] *Id.* (citing *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)).

[3] 484 U.S. 343 (1988).

[4] *Id.* at 357.

[5] *Id.* at 345.

claims over which it has original jurisdiction." In this case, after plaintiff amends the complaint to rid the federal claims, there will remain only state claims; thus, depriving this Court of its original jurisdiction.

However, this Court may retain jurisdiction if it so finds by weighing the factors above. Considering the factors, this Court finds that remand is proper. First, economy and convenience weigh in favor of remand because the case is in it's early stages. As the Court stated, "[w]hen the single federal-law claim in the action [is] eliminated at an early-stage of the litigation, The District Court [has] a powerful reason to choose not to continue to exercise jurisdiction."[6] Additionally, the parties have not yet began discovery–indeed, the case is not on the trial calendar.

Second, fairness also weighs in favor of remand. Defendant CCS urges this Court to reconsider claiming that plaintiff seeks to amend only to manipulate the jurisdiction of this court. That concern was addressed in *Carnegie-Mellon*. The Court, stated that [t]his concern . . . hardly justifies a categorical prohibition on the remand of cases involving state-law claims regardless of whether the plaintiff has attempted to manipulate the forum."[7] The Court further stated that a district court can consider those manipulative tactics before granting a remand. This Court has considered those tactics and finds that plaintiff is not using the removal-remand process to manipulate the Court. First, plaintiff has moved to amend its complaint to remove those federal claims. Furthermore, plaintiff has not successfully remanded the case before, therefore it cannot be said that plaintiff is using the process as a dilatory tactic.

Finally, principles of comity require remand. Plaintiff's claim is essentially one for

---

[6]*Id.* at 351.

[7]*Id.* at 357.

wrongful death.  In the complaint, plaintiff recites that defendant is "liable based on a departure from the accepted standard of care and in failing to provide a reasonably safe place for plaintiff to reside while incarcerated" (Doc. 29, Attach. 2).  Furthermore, the plaintiff declares that defendant is liable under the Kansas Consumer Protection Act for misrepresentations made to the Ronald Nash regarding the facility he was housed (Doc. 29, Attach. 2).  Because those state claims are traditionally claims brought in state court, and rely on the interpretation of the Kansas Consumer Protection Act, a task better left to the Kansas State Courts, this court denies supplemental jurisdiction over those claims.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Third Motion to Amend (Doc. 29) is **GRANTED**.

**IT IS FURTHER ORDERED BY THE COURT THAT** plaintiff's Motion to Remand (Doc. 30) is **GRANTED**.

**IT IS FURTHER ORDERED BY THE COURT THAT** defendant's Partial Motion to Dismiss (Doc. 31) is **MOOT.**

**IT IS SO ORDERED.**

Dated this 6th day of November 2007.

 S/ Julie A. Robinson  
**Julie A. Robinson**  
**United States District Judge**